

1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10
11
12

CARLOS RIOS,
CDCR E-52249,

                                    Plaintiff,

13

vs.

14

DANIEL PARAMO; J. BEHRA;
E. BENYARD; M. CAVAZOS; ABAD;
M. ZUNIGA; RUTLEDGE; E. ALVAREZ;
K. SPENCE; A. ALLAMBY; ALAN
HERNANDEZ; W. SUGLICH; A.A.
JONES; E. CORTEZ; R. OLSON; J.
RAMIREZ,

15
16
17
18
19

                                    Defendants.

Civil No.    14cv1073 WQH (DHB)

**ORDER**

20
21

HAYES, Judge:

22

        The matters before the Court are: (1) the motion for a temporary restraining order

23

and preliminary injunction filed by Plaintiff Carlos Rios (ECF No. 20); (2) the motion for

24

partial summary judgment for failure to exhaust filed by all Defendants (ECF No. 34);

25

(3) the motion to dismiss for failure to state a claim filed by all Defendants (ECF No. 35);

26

and (4) the Report and Recommendation issued by United States Magistrate Judge David

27

H. Bartick (ECF No. 55).

28

## I. Background

On April 28, 2014, Plaintiff Carlos Rios commenced this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis* ("IFP") in this Court. (ECF No. 1). The Complaint alleges that various Richard J. Donovan Correctional Facility ("RJD") officials have, beginning in May 2012, conspired and retaliated against Plaintiff for filing a civil rights lawsuit and filing various CDC 602 inmate appeals. The Complaint alleges that various RJD officials have retaliated against Plaintiff by: (1) filing a "false misbehavior Rule Violation Report;" (2) denying Plaintiff due process during disciplinary proceedings; (3) terminating Plaintiff's prison job assignment; (4) confiscating Plaintiff's personal property; and (5) wrongfully cancelling Plaintiff's CDC 602 prison administrative appeals. (ECF No. 1 at 9). On August 14, 2014, the Court issued an Order granting Plaintiff's motion to proceed IFP and ordering the United States Marshal to effectuate service of the Complaint. (ECF No. 5).

On October 8, 2014, Plaintiff filed the motion for a temporary restraining order and preliminary injunction. (ECF No. 20). On October 30, 2014, Defendants filed an opposition. (ECF No. 28). On November 12, 2014, Plaintiff filed a reply. (ECF No. 31).

On November 24, 2014, Defendants filed the motion for partial summary judgment (ECF No. 34) and the motion to dismiss (ECF No. 35). On December 15, 2014, Plaintiff filed an opposition to the motion for partial summary judgment. (ECF No. 41). On December 17, 2014, Plaintiff filed an opposition to the motion to dismiss. (ECF No. 46). On January 13, 2015, Defendants filed a reply in support of the motion to dismiss. (ECF No. 51). On January 16, 2015, Defendants filed a reply in support of the motion for partial summary judgment. (ECF No. 53).

On June 29, 2015, United States Magistrate Judge David H. Bartick issued the Report and Recommendation, recommending that the motion for a temporary restraining order and preliminary injunction be denied, the motion for partial summary judgment be

granted in part and denied in part, and the motion to dismiss be granted in part and denied in part.  (ECF No. 55).  On July 13, 2015, Plaintiff filed objections to the Report and Recommendation.  (ECF No. 56).  On July 29, 2015, Defendants filed objections to the Report and Recommendation.  (ECF No. 57).  On August 10, 2015, Defendants filed a reply to Plaintiff's objections.  (ECF No. 58).  On August 27, 2015, Plaintiff filed a reply to Defendants' objections.  (ECF No. 62).

## II.  Legal Standard

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b).  The district judge must "make a de novo determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b).  The district court need not review de novo those portions of a Report and Recommendation to which neither party objects.  *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("Neither the Constitution nor the [Federal Magistrates Act] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct.").

## III.  Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 20)

Plaintiff requests a temporary restraining order or preliminary injunction ordering "the Defendants, their successors in office, agents and employees and all other persons acting in concern and participation with them, to halt immediately with [their] ongoing conspiracy and retaliatory bias, such as harassment, threats, punishment, confiscation of legal papers or personal property."  (ECF No. 20 at 10).  The magistrate judge recommends that Plaintiff's motion be denied because Plaintiff has not shown likely success on the merits and the balance of equities and public interest do not favor the issuance of a preliminary injunction.  The magistrate judge found that the balance of equities and public interest do not favor Plaintiff because Plaintiff seeks to enjoin

unnamed prison officials and the requested injunction "improperly infringes in prison officials' ability to discipline Plaintiff, as necessary, and to maintain the security and safety of the prison." (ECF No. 55 at 38).

Plaintiff objects to the magistrate judge's recommendation that the motion for a temporary restraining order and preliminary injunction be denied. (Report & Recommendation ("R&R"), ECF No. 55 at 31:11-38:16). Plaintiff contends that he is "likely to prevail on the merits because plaintiff['s] overwhelming evidence clearly established that at least eight of the defendants are liable for their constitutional violation[s] of clearly establish[ed] constitutional rights." (ECF No. 56 at 3-4). Plaintiff contends that the equities weigh in his favor because his present and future suffering from illegal punishment is "enormous," while Defendants' hardship would be limited to an order requiring them to obey the law. *Id.* at 4. Plaintiff asserts that an injunction would not impinge on RJD's ability to maintain order and safety.

The magistrate judge correctly concluded that Plaintiff has failed to establish a likelihood of success on the merits. The magistrate judge correctly concluded that the balance of equities and public interest do not favor granting Plaintiff the broad injunctive relief that he requests. Plaintiff's motion for a temporary restraining order and preliminary injunction is denied.

## IV. Motion for Partial Summary Judgment (ECF No. 34)

Defendants move for summary judgment on some of Plaintiffs' claims with respect to some Defendants due to Plaintiff's failure to exhaust his administrative remedies. The magistrate judge recommends that summary judgment be granted on the following claims: (1) conspiracy and retaliation claims against Defendant Abad; (2) due process claims against Defendants Behra, Cavazos, and Paramo; (3) equal protection claim against all Defendants except Defendants Benyard, Cavazos, and Paramo; and (4) cruel and unusual punishment claim against all Defendants.

Plaintiff objects to the magistrate judge's recommendation that summary judgment be granted on certain claims due to Plaintiff's failure to exhaust. (R&R, ECF No. 55 at

38:17-64:14).  Plaintiff contends that he has "linked" Defendants Cavazos and Paramo to due process violations by denying Plaintiff an opportunity to be heard.  (ECF No. 56 at 5).  Plaintiff contends that he has stated an Eighth Amendment claim against multiple Defendants by alleging that their retaliatory actions in creating false reports will result in Plaintiff's parole being denied.

Plaintiff does not contend that the claims identified by the magistrate judge as unexhausted are, in fact, exhausted.  After reviewing the entire record in this case, the Court concludes that the magistrate judge correctly identified Plaintiff's unexhausted claims.  Defendants' motion for partial summary judgment is granted in part and denied in part as stated in the Report and Recommendation.  Defendants' motion for partial summary judgment is granted with respect to the following claims: (1) conspiracy and retaliation claims against Defendant Abad; (2) due process claims against Defendants Behra, Cavazos, and Paramo; (3) equal protection claim against all Defendants except Defendants Benyard, Cavazos, and Paramo; and (4) cruel and unusual punishment claim against all Defendants.

## V.  Motion to Dismiss (ECF No. 35)

Defendants move to dismiss Plaintiff's conspiracy, retaliation, due process, equal protection, and cruel and unusual punishment claims for failure to state a claim. Defendants move to dismiss Plaintiff's claims arising from a rules violation report ("RVR") and related hearings as barred by *Heck v. Humphrey*.  Defendants move for absolute immunity to the extent they are sued in their official capacity and for qualified immunity to the extent they are sued in their individual capacity.

The magistrate judge recommends that the motion to dismiss Plaintiffs' conspiracy claim be denied with respect to Defendants Behra, Olson, and Ramirez, but granted with respect to all other Defendants.  The magistrate judge recommends that the motion to dismiss Plaintiffs' retaliation claim be granted with respect to Defendants Abad, Allamby, Alvarez, Cavazos, Cortez, Hernandez, Jones, Rutledge, and Spence, but denied with respect to Defendants Behra, Benyard, Olson, Paramo, Ramirez, Suglich, and Zuniga.

The magistrate judge recommends that the motion to dismiss Plaintiffs' due process claim be granted.  The magistrate judge recommends that the motion to dismiss Plaintiffs' equal protection claim be denied with respect to Defendants Benyard and Cavazos, but granted with respect to all other Defendants.  The magistrate judge recommends that the motion to dismiss Plaintiffs' cruel and unusual punishment claim be granted.  The magistrate judge recommends that the motion to dismiss Plaintiffs' claims for money damages against Defendants in their official capacities be granted.  The magistrate recommends that the motion to dismiss be granted on the basis of qualified immunity with respect to Defendants Abad, Allamby, Alvarez, Cortez, Hernandez, Jones, Rutledge, and Spence, but denied on the basis of qualified immunity with respect to Defendants Behra, Benyard, Cavazos, Olson, Paramo, Ramirez, Suglich, and Zuniga.

### A.  Defendants' Objections

#### i.  *Heck v. Humphrey*

The magistrate judge concluded that Plaintiff's due process claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) to the extent it arises from the Rules Violation Report ("RVR") issued in response to a January 18, 2013 altercation between Plaintiff and another inmate.  Defendants object to the magistrate judge's recommendation that only Plaintiff's due process claim is barred by *Heck v. Humphrey*.  (R&R ECF No. 55 at 92 n.39).  Defendants contend that "[if] Plaintiff prevailed on his retaliation, conspiracy, and equal protection claims as related to the rules violation report for fighting, that result would imply that the rules violation report was invalidly issued, that the hearing was invalidly held, that the guilty finding was invalid, that the 90-day forfeiture of credit was invalid, and that the UCC's denial of re-entry was invalid."  (ECF No. 57 at 8).

Plaintiff contends that *Heck* "is inapplicable in Plaintiff's other claims because the 90 days good time credicts [sic] he lost as the result[] of his disciplinary conviction are restored 100 percent under Cal. Code of Regs. Tit. 15 §§ 3327(1) and 3328(b) which permit[] restoration of forfeited credits if the inmate remain[s] disciplinary free for a specified period after their disciplinary conviction."  (ECF No. 62 at 8).  Plaintiff asserts

1   that "the 90 days loss of credits are restored 100 percent...."  *Id.*

2       The Complaint alleges that Defendant Benyard issued a false RVR for a January

3   18, 2013 altercation between Plaintiff and another inmate.  In the RVR, Defendant

4   Benyard states that Plaintiff admitted to him that he instigated the fight at Plaintiff's

5   February 4, 2013 administrative segregation hearing.  Plaintiff denies that he made this

6   admission and alleges that Defendant Benyard fabricated this evidence in retaliation for

7   Plaintiff submitting a January 13, 2013 complaint to Defendant Paramo.  At the October

8   16, 2013 hearing, Plaintiff examined non-defendant Correctional Officer D. Hodges.

9   Correctional Officer D. Hodges stated that he was present at Plaintiff's February 4, 2013

10  administrative segregation hearing but that he did not hear Plaintiff admitting that he

11  started the January 18, 2013 altercation.

12      The Complaint also alleges that Defendants Cortez and Jones conspired with

13  Defendant Benyard to falsely punish Plaintiff for fighting by changing their version of

14  the facts.  Attached to the Complaint is a "Crime/Incident Report."  (ECF No. 1-2 at 66).

15  The report states, in relevant part:

16          On January 18, 2013, at approximately 1115 hours Officer A. Jones
            observed inmate Mayorga ... battering Inmate Rios....  Officer A. Jones, the
17          Facility C Yard #1 notified Facility C Observation to put the yard down, via
            institution radio.  Officer Jones then respond [sic] to the incident.  Officer
18          E. Cortez, the Housing Unit 11 floor #2 Officer responded to the yard and
            saw Inmate Mayorga on top of Inmate Rios.  Officer Cortez also ordered
19          Inmate Mayorga to stop hitting Inmate Rios and to get down on the ground.
            Inmate Mayorga still refused to comply, therefore Officer Cortez utilized
20          force in the form of one burst of Oleoresin Capsicum spray (OC) from his
            state issued MK9 to Inmate Mayorga's face.  The use of force was effective
21          and Inmate Mayorga got off of inmate Rios and stopped his assault of
            Inmate Rios.  Inmate Rios sustained a fractured left ankle (Serious Injury)
22          and possible fractured nose as a result of the force used by inmate Mayorga.

23  (ECF No. 1-2 at 66).  The report lists Plaintiff as a "Victim" and Inmate Mayorga as a

24  "Suspect."  *Id.*  The report further states that "Officer E. Cortez processed on a pair of

25  leather gloves with blood."  *Id.*  "The gloves were used by Inmate Rios."  *Id.*

26      Also attached to the Complaint is a Rules Violation Report ("RVR").  (ECF No.

27  1-2 at 75-81).  The RVR contains a statement from Defendant Benyard.  Defendant

28  Benyard states he interviewed Plaintiff on February 4, 2013 regarding the January 18,

2013 altercation in an administrative segregation hearing.  Defendant Benyard states that Plaintiff admitted to him that he initiated the fight.   Defendant Benyard states that Plaintiff told him that "he had a pair of leather gloves and sought out Inmate MAYORGA and confronted him in a physical manner."  *Id.* at 75.

The Complaint alleges that all persons involved in Plaintiff's ensuing disciplinary proceedings found Plaintiff guilty of fighting as part of a conspiracy to retaliate against Plaintiff for his prior protected activities.  The Complaint alleges that these Defendants denied Plaintiff due process by failing to provide him with an impartial hearing and refusing to allow him to present certain evidence.  The Complaint alleges that these disciplinary hearings resulted in the imposition of a 90-day good-time credit loss.

"[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  *Heck*, 512 U.S. at 486-87.  The *Heck* rule applies to prison disciplinary actions resulting in the loss of good-time credit, when there are "allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed...." *Edwards v. Balisok*, 520 U.S. 641, 643, 648 (1997).

The Complaint alleges that Defendant Benyard retaliated against Plaintiff by issuing a false RVR, falsely claiming that Plaintiff instigated the January 18, 2013 altercation.  If Plaintiff prevailed on this claim, it would "necessarily imply the invalidity of the punishment imposed...."  *Id.* at 648; *see id.* at 646-47 (noting that courts have reinstated good-time credits when there is an "obvious procedural defect" in the prison disciplinary proceeding, such as being "completely denied the opportunity to put on a defense through specifically identified witnesses who possessed exculpatory evidence"). Plaintiff's retaliation claim against Defendant Benyard is dismissed without prejudice to

the extent Plaintiff alleges that Defendant Benyard retaliated against Plaintiff by issuing a false RVR.

The Complaint alleges that Defendants Jones and Cortez conspired with Defendant Benyard, their supervisor, by changing their version of the facts with respect to the January 18, 2013 altercation. If Plaintiff prevailed on this claim, it would "necessarily imply the invalidity of the punishment imposed...." *Id.* at 648. Plaintiff's conspiracy claim against Defendants Benyard, Jones, and Cortez for conspiring to make Plaintiff the aggressor in the January 18, 2013 altercation is dismissed without prejudice.[1]

Defendants' objection is sustained.[2]

### ii. Retaliation Claim Against Paramo and Suglich

Defendants object to the magistrate judge's conclusion that Plaintiff has stated retaliation claims against Defendants Paramo and Suglich for refusing to process Plaintiff's grievances and appeals. (R&R, ECF No. 55 at 78:5-79:11). Defendants contend that Plaintiff's allegations with respect to Paramo and Suglich are conclusory and do not suggest that these Defendants ever received Plaintiff's appeals.

---

[1] The magistrate judge recommends that Plaintiff's conspiracy claim be dismissed with respect to Defendants Benyard, Jones, and Cortez on the ground that Plaintiff's allegations are too conclusory. The Court instead dismisses Plaintiff's conspiracy claim against Defendants Benyard, Jones, and Cortez based on *Heck v. Humphrey.*

[2] To the extent Plaintiff asserts that his 90-day good-time credit loss has in fact been restored, the Complaint contains no such allegation, and Plaintiff has not submitted evidence in support of this assertion. To the extent Plaintiff contends that *Heck* is inapplicable because he has an opportunity to restore his 90-day good-time credit loss, Plaintiff's contention must be rejected. Until and unless Plaintiff's good-time credits are restored, Plaintiff's claims related to the false RVR are barred by *Heck v. Humphrey. See, e.g., Iniguez v. McGrath*, No. C. 02-3532, 2002 WL 31007479, at *1 (N.D. Cal. Sept. 4, 2002) ("[P]laintiff may not bring a civil rights action based on the discipline or the disciplinary proceedings unless and until the time credit forfeiture is reversed or otehrwise invalidated."); *Ortega v. Walker*, No. 10-cv-0998, 2010 WL 2889067, at *2 (E.D. Cal. July 21, 2010) (noting that "the complaint must be dismissed unless the plaintiff can show that the conviction or setence has been invalidated or the good-time credits restored[,]" where a § 1983 claim called into doubt the validity of prison disciplinary proceedings resulting in a loss of 150 days of good-time credits); *Robinson v. Dennis*, No. 103CV5859, 2006 WL 236946, at *3 (E.D. Cal. Jan. 31, 2006) ("Because the punishment imposed at the disciplinary hearing affects the duration of plaintiff's sentence, plaintiff's due process claim is barred *until* such time as plaintiff invalidates the result of the disciplinary hearing.") (emphasis added). Plaintiff may allege facts related to the restoration of good-time credits in an amended complaint.

-9-

Plaintiff contends that he filed multiple grievances against Defendants Paramo and Suglich.  Plaintiff contends that Defendant Suglich had a direct duty to address Plaintiff's grievances because Defendant Suglich's subordinates were not properly processing his appeals and Defendant Suglich "encourage[d] the plaintiff to communicate with him if I have any future issues regarding the Inmate Appeals Office."  (ECF No. 62 at 3). Plaintiff contends that Plaintiff's documentary evidence "clearly establish[es] and supports the Magistrate Judge['s] conclusion" that Defendant Paramo failed to process Plaintiff's appeals.  *Id.*  Plaintiff contends that appeals that did not reach Defendant Paramo were "as results [sic] of Defendants' [sic] Paramo's subordinates [sic] misconduct."  *Id.*

The magistrate judge concluded that Plaintiff had plausibly alleged adverse action taken by Defendant Suglich against Plaintiff for refusing to process his October 30, 2012 appeal, which was never processed.  The magistrate judge concluded that Plaintiff had plausibly alleged adverse action taken by Defendant Paramo because the Complaint alleges that Defendant Paramo failed to properly process Plaintiff's grievances, and the exhibits attached to the Complaint contain administrative appeals alleging that Defendant Paramo failed to properly process Plaintiff's grievances.

The Complaint alleges that Defendant Paramo is the warden of RJD and that Defendant Suglich is an associate warden of RJD.  The numerous exhibits to the Complaint demonstrate that RJD has a formal grievance procedure.  The numerous exhibits to the Complaint demonstrate that Plaintiff's numerous appeals were handled by persons with positions other than warden and associate warden.  The Complaint alleges no facts demonstrating that Defendants Suglich and Paramo were responsible for processing Plaintiff's administrative appeals by virtue of their respective positions.  The Court concludes that Plaintiff has failed to plausibly allege that Defendants Suglich and Paramo took retaliatory adverse action against Plaintiff.

Defendants' objection is sustained.

### iii.  Retaliation Claim Against Benyard

The magistrate judge concluded that Plaintiff has stated a retaliation claim against Defendant Benyard for retaliating against Plaintiff for submitting a complaint to Defendant Paramo.  The magistrate judge identified the following adverse actions that Defendant Benyard allegedly conducted: (1) declining to make a determination that Plaintiff had been wrongfully terminated; (2) retaining Plaintiff in administrative segregation following his return from the hospital after the January 18, 2013 altercation; (3) issuing a false RVR against Plaintiff that accused Plaintiff of instigating the January 18, 2013 altercation; and (4) failing to provide Plaintiff with a Classification Committee hearing for more than fourteen months.

Defendants object to the magistrate judge's conclusion that Plaintiff has stated a retaliation claim against Defendant Benyard.  (R&R, ECF No. 55 at 80:20-82:9).  Defendants contend that Plaintiff's discrimination grievance was never processed, and that Plaintiff fails to plausibly allege that Defendant Benyard knew about Plaintiff's protected activity.  Defendants contend that Plaintiff has failed to allege facts to show Plaintiff's discrimination grievance would motivate Defendant Benyard to retaliate against him.

Plaintiff contends that "Defendants concede that plaintiff alleges sufficient facts that defendant Benyard took various adverse actions against the plaintiff."  (ECF No. 62 at 4).  Plaintiff contends that Defendant Benyard was on notice of Plaintiff's protected activities.  Plaintiff contends that he has established that the adverse actions taken by Defendant Benyard were "because of" Plaintiff's protected activities because "there is no legitimate reason for all of Defendants' Benyards' [sic] retaliatory bias and actions...." *Id.* at 5.

Attached to the Complaint is a "Memorandum" dated January 13, 2013, and addressed to Defendant Paramo from Carlos Rios.  (ECF No. 1-1 at 112).  The "Memorandum" alleges that RJD discriminates against minority inmates in job assignments for inmate barbers.  The "Memorandum" alleges that Defendant Benyard was informed on January 10, 2013, of inmates' needs for the barber job assignment, but

that he "failed to redress the wrong." (ECF No. 1-1 at 113). The Complaint alleges that on February 4, 2013, Defendant Benyard decided to place Plaintiff in administrative segregation, and on February 16, 2013, Plaintiff received the fabricated false RVR, where Defendant Benyard falsely claimed that Plaintiff admitted to instigating the January 18, 2013 altercation.

As discussed above, Plaintiff's claim that Defendant Benyard retaliated against him by issuing a false RVR is barred by *Heck v. Humphrey*.

The Complaint alleges that Defendant Benyard retaliated by declining to make a determination that Plaintiff had been wrongfully terminated from his prison job assignment and by failing for more than fourteen months to provide Plaintiff with a Classification Committee hearing. The Complaint alleges that Plaintiff was removed from his prison job assignment on May 16, 2012. Plaintiff alleged in a prison appeal that he had been waiting for a Classification Committee hearing "for over 6 months" as of October 2012. The Court concludes that these allegedly adverse actions lack a sufficient nexus to Plaintiff's submission of the January 13, 2013 "Memorandum" because they occurred or started occurring months before Plaintiff submitted the "Memorandum."

The remaining allegation of Plaintiff's retaliation claim is that Defendant Benyard decided to place Plaintiff in administrative segregation upon his return from the hospital in retaliation for Plaintiff submitting the "Memorandum." The Complaint plausibly alleges protected activity, adverse action, and a causal link between the two. The Complaint plausibly alleges that Defendant Benyard had a motive to retaliate against Plaintiff, and the causal link is strengthened by the close temporal proximity between the protected activity (January 13, 2013) and the adverse action (February 4, 2013). The magistrate judge correctly concluded that Plaintiff has stated a retaliation claim against Defendant Benyard, but only to the extent that Plaintiff alleges that Defendant Benyard placed him in administrative segregation in retaliation for Plaintiff submitting the "Memorandum" to Defendant Paramo.

Defendants' objection is sustained in part.

### iv. Equal Protection

Defendants object to the magistrate judge's conclusion that Plaintiff has stated an equal protection claim against Defendants Benyard and Cavazos. (R&R, ECF No. 94:21-95:18). Defendant contends that Plaintiff has not sufficiently alleged that he was treated differently from similarly situated inmates. Defendants contend that distinctions based on mental ability and immigration status are subject to rational basis review. Defendants contend Plaintiff has not sufficiently alleged that the alleged classification based on developmental disability and immigration status is without rational basis.

Plaintiff contends that he has stated an equal protection claim against Defendants Benyard and Cavazos because he attached a grievance to the Complaint, arguing "that he had been discriminate[d] against because of his developmental disabilities and his immigration status." (ECF No. 62 at 5). Plaintiff contends that denying Plaintiff participating in "Re Entry Programs" based on immigration status and developmental disabilities constitutes discrimination in violation of the Equal Protection Clause. *Id.* at 6.

The Complaint alleges that all Defendants violated his right to "not be treated cruelly or different from other[s] similar[ly] situate[d]." (ECF No. 1 at 29). Attached as an exhibit to the Complaint is the August 5, 2013 CDCR Form 602. (ECF No. 1-1 at 86-87). The August 5, 2013 CDCR Form 602 alleges that Defendants Benyard, Cavazos, Paramo, and certain non-defendants denied him access to services and rehabilitative programs due to Plaintiff's disabilities and "INS hold." (ECF No. 1-1 at 87). Another exhibit attached to the Complaint appears to be a report on Plaintiff's prisoner classification, prepared by Defendants Benyard and Cavazos. (ECF No. 1-1 at 85). The report states that "I/M does not qualify for Re-Entry due to CSRA of LOW. ICE HOLD and...." *Id.* The report further states that Plaintiff is "not eligible for MSF due to CLS, ICE HOLD A78056344 and TIME." *Id.*

The Complaint fails to allege any facts in support of an equal protection claim. The cited exhibits do not make out a plausible equal protection claim without any

supporting factual allegations in the Complaint.  The Court concludes that Plaintiff has failed to state an equal protection claim against any Defendant.  Defendants' objection is sustained.

### B.  Plaintiff's Objections

#### i.  Conspiracy

Plaintiff objects to the magistrate judge's conclusion that Plaintiff failed to state a conspiracy claim against Defendants Benyard, Cavazos, Hernandez, Allamby, Cortez, and Jones. (ECF No. 55 at 70:18-27).  Plaintiff contends that the magistrate judge should have applied the same reasoning for these Defendants that he did for Defendants Behra, Olson, and Ramirez.  Plaintiff contends that whether these Defendants conspired is a question of fact for the jury.  Plaintiff contends that he has alleged that Defendant Benyard acted similarly to Defendant Behra in fabricating a "false RVR."  (ECF No. 56 at 8).  Plaintiff contends that he has sufficiently alleged that Defendants Benyard and Cavazos "jointly denied not only plaintiff's Equal Protection of the Law ... , and conspired to obstruct justice and denied plaintiff's due process of law."  *Id.* at 9.  Plaintiff contends that he has sufficiently alleged that Defendants Benyard, Allamby, Hernandez, Cortez, and Jones fabricated false evidence.   Plaintiff contends that Defendants Hernandez and Allamby conspired with Defendant Benyard by signing the "RVR upholding the arbitrary decision and guilty finding...."  *Id.* at 10.

Defendants contend that allegations that each Defendant violated Plaintiffs' rights is insufficient to support the inference that they acted together.

#### a.  Conspiracy between Defendants Benyard and Cavazos

The Complaint alleges that on November 19, 2012, Defendant Benyard, a Facility Correctional Captain; Defendant Cavazos, a Correctional Counselor; and Defendant Abad "intentionally interfered with the plaintiff['s] due process of law and procedural protection which are afforded to prisoner[s] before they can be removed from a job assignment or deprived of any right or privileges. (ECF No. 1 at 16).  The Complaint alleges that these Defendants "not only conspired ... , but also retaliated by [taking] an

adverse action of not provid[ing] ... the plaintiff with a UCC hearing in more than 14 months, because of plaintiffs['s] civil right[s] action filed against his employer and other RJD top officials and filing grievances against them...." *Id.*  The Complaint alleges that Defendants Benyard, Cavazos, and Abad refused to provide Plaintiff with a "UCC process" and refused to answer Plaintiff's repeated requests. *Id.* at 17.  The Complaint alleges that on January 13, 2013, Plaintiff sent a memorandum regarding discrimination in Plaintiff's job assignment to Defendant Benyard.  Attached to the Complaint is a Form CDCR 602, dated August 7, 2013, where Plaintiff alleged that Defendants Benyard and Cavazos declined to provide Plaintiff with "services and rehabilitative programs on the grounds that the inmate[] has developmental disabilities and INS hold, in violation of the ADA and 14th Amend. under the equal protection of the law." (ECF No. 1-1 at 87).

The Complaint alleges no facts which would permit the inference that Defendants Benyard and Cavazos had a "meeting of the minds" with each other or other RJD officials to violate Plaintiff's constitutional rights. *Mendocino Environmental Cntr. v. Mendocino Cnty.*, 192 F.3d 1283, 1301 (9th Cir. 1999).  Despite allegations that Defendant Benyard failed to provide Plaintiff with due process, retaliated against Plaintiff, and discriminated against Plaintiff, the Complaint alleges no facts showing that Defendants Benyard and Cavazos had a "meeting of the minds" intending "to accomplish some unlawful objective..." *Id.* (citations and internal quotations omitted).  The magistrate judge correctly concluded that "Plaintiff's allegations amount to conclusory allegations unsupported by specific facts that [Defendants Benyard and Cavazos] conspired with one another to violate Plaintiff's constitutional rights." (ECF No. 55 at 70).

### b.  Conspiracy between Defendant Allamby
### and other RJD Officials

The Complaint alleges that Defendant Allamby held a disciplinary hearing on October 16, 2013 with respect to the January 18, 2013 altercation. The Complaint alleges that Defendant Allamby allowed Plaintiff to call some witnesses, but disallowed Plaintiff to call other witnesses or introduce a "Videotape Recorder of the date of the incident in

question." (ECF No. 1 at 24).  The Complaint alleges that Defendant Allamby excluded this evidence without explanation or penological justification.  The Complaint alleges that Defendant Allamby's finding of guilty after the hearing is "proof of Defendant A. Allamby['s] conspiracy and retaliatory bias against the Plaintiff...."  *Id.* at 25.

The Complaint alleges no facts which would permit the inference that Defendant Allamby had a "meeting of the minds" with other RJD officials to violate Plaintiff's constitutional rights. *Mendocino Environmental Cntr.*, 192 F.3d at 1301.  The magistrate judge correctly concluded that "Plaintiff's allegations amount to conclusory allegations unsupported by specific facts that [Defendant Allamby conspired with other RJD officials] to violate Plaintiff's constitutional rights."  (ECF No. 55 at 70).

### c.  Conspiracy Between Hernandez and other RJD Officials

The Complaint alleges that Defendant Hernandez was the Chief Disciplinary Officer who approved and enforced the false charges in the RVR issued in response to the January 18, 2013 altercation.

The Complaint alleges no facts which would permit the inference that Defendant Hernandez had a "meeting of the minds" with other RJD officials to violate Plaintiff's constitutional rights. *Mendocino Environmental Cntr.*, 192 F.3d at 1301.  The magistrate judge correctly concluded that "Plaintiff's allegations amount to conclusory allegations unsupported by specific facts that [Defendant Hernandez conspired with other RJD officials] to violate Plaintiff's constitutional rights."  (ECF No. 55 at 70).

### d.  Conspiracy Between Benyard, Cortez, and Jones

As discussed above, Plaintiff's claim that Benyard, Cortez, and Jones conspired to fabricate evidence to make Plaintiff the aggressor of the January 18, 2013 altercation is barred by *Heck v. Humphrey*.  Accordingly, the Court does not address the sufficiency of these allegations.

Plaintiff's objection is overruled.

### iii.  Due Process

### a.  Termination of Plaintiff's Job Assignment

Plaintiff objects to the magistrate judge's conclusion that "the Court need not reach the issue of what process is due" with respect to the termination of Plaintiff's job assignment.  (ECF No. 56 at 11; R&R, ECF No. 55 at 88:15-27).  Defendants contend that Plaintiff has no liberty interest in his prison job.

The magistrate judge correctly concluded that the Due Process Clause of the Fourteenth Amendment does not create a property or liberty interest in prison employment.  *See Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004).  Because there is no property or liberty interest in prison employment, the Due Process Clause does not apply; no process is due.  *See Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569-70 (1972) ("The requirements of procedural due process apply only to the deprivation of interest encompassed by the Fourteenth Amendment's protection of liberty and property.").  Plaintiff's objection is overruled.

### b.  Hearings on Fighting RVR

Plaintiff objects to the magistrate judge's conclusion that Plaintiff's due process claim based on hearings on the fighting RVR should be dismissed.  (R&R, ECF No. 55 at 89:1-92:18).  Plaintiff contends that the magistrate judge erred in not taking into account exhibits that demonstrate that Plaintiff was assigned a staff assistant for his administrative segregation hearing.  Plaintiff contends that he should have been permitted to call the staff assistant at the RVR hearing on the January 18, 2013 altercation.

Defendants contend that the documents attached to the Complaint contradict Plaintiffs' assertion, and that they only demonstrate that he was assigned a staff assistant for the initial hearing, rather than the rehearing.

Plaintiff concedes that *Heck v. Humphrey*, 512 U.S. 477 (1994) bars his due process claim with respect to the disciplinary proceedings that resulted in a 90-day credit loss.  *See* ECF No. 56 at 12 ("Plaintiff further contends that although *Heck v. Humphrey*, 512 U.S. 477 (1994), bars Plaintiff's due process claim, Defendants have not establish[ed] why it should also bar the other claims arising from Plaintiff['s] other

claim[s]...."). The Court need not determine whether the Complaint plausibly alleges that Plaintiff was denied the opportunity to present a staff assistant at his disciplinary hearing because this claim is barred by *Heck v. Humphrey*. Plaintiff's objection is overruled.

### iv.  Cruel and Unusual Punishment

Plaintiff objects to the magistrate judge's conclusion that Plaintiff has failed to state a cruel and unusual punishment claim against any defendant. (R&R, ECF No. 55 at 96:20-28). Plaintiff contends that he has stated an Eighth Amendment claim because Defendants have acted with malice, have caused him severe emotional distress, and have endangered him in their abuse of power.

As the magistrate judge correctly observed, "[p]rison conditions do not violate the Eighth Amendment unless they amount to 'unquestioned and serious deprivations of basic human needs' or of the minimal civilized measure of life's necessities.'" (ECF No. 55 at 95) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The magistrate judge correctly concluded that the Complaint fails to allege facts to support the deprivation of any basic human need. Plaintiff's objection is overruled.

### C.  Qualified Immunity

Plaintiff objects to the magistrate judge's conclusion that Defendants Abad, Allamby, Hernandez, Cortez, and Jones are entitled to qualified immunity because Plaintiff has stated a claim against each of these Defendants and alleged the deprivation of a clearly established right. (R&R, ECF No. 55 at 99:1-100:7).

The Court has accepted the magistrate judge's recommendations that all claims against Abad, Allamby, Hernandez, Cortez, and Jones be dismissed. Therefore, the magistrate judge correctly concluded that these Defendants are entitled to qualified immunity. Plaintiff's objection is overruled.

Defendant objects to the magistrate judge's conclusion that Defendants Paramo, Suglich, Benyard, and Cavazos are not entitled to qualified immunity. (R&R, ECF No. 55 at 99:1-100:7).

The magistrate judge recommended that Plaintiff's conspiracy, due process, equal

protection, and cruel and unusual punishment claims against Defendants Paramo and Suglich be dismissed.  The Court accepts these recommendations.  The Court dismissed Plaintiff's retaliation claim against Defendants Paramo and Suglich.  With no claims remaining against Defendants Paramo and Suglich, Defendants Paramo and Suglich are entitled to qualified immunity.

The magistrate judge recommended that Plaintiff's conspiracy, due process, and cruel and unusual punishment claims against Defendant Benyard be dismissed.  The Court accepts these recommendations.  The Court dismissed Plaintiff's equal protection claim against Defendant Benyard.  The Court dismissed Plaintiff's retaliation claim against Defendant Benyard, with the exception of the allegation that Defendant Benyard retaliated against Plaintiff for submitting the "Memorandum" by placing him in administrative segregation.  With the exception of the allegation that Defendant Benyard retaliated against Plaintiff for submitting the "Memorandum" by placing him in administrative segregation, Defendant Benyard is entitled to qualified immunity.

The magistrate judge recommended that Plaintiff's conspiracy, retaliation, due process, and cruel and unusual punishment claims against Defendant Cavazos be dismissed.  The Court accepts these recommendations.  The Court dismissed Plaintiff's equal protection claim against Defendant Cavazos.  Accordingly, Defendant Cavazos is entitled to qualified immunity.  Defendants' objection is sustained in part.[3]

## VI.  Conclusion

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 55) is ADOPTED in part and NOT ADOPTED in part.  The Report and Recommendation is adopted, except for page 78, line 5 to page 79, line 11; page 80, line 20 to page 82, line 9; page 92, note 39; and page 94, line 21 to page 95, line 18.  Page 68, line 26 to page 72, line 16 is not adopted with respect to Defendants Benyard, Jones, and Cortez.  Page 99,

---

[3]   Defendants Abad, Allamby, Alvarez, Cavazos, Cortez, Hernandez, Jones, Paramo, Rutledge, Spence, and Suglich are entitled to qualified immunity only on the grounds that Plaintiff's claims against them, as currently pled, fail to establish a a plausible constitutional violation.

line 1 to page 100, line 7 is not adopted to the extent it is inconsistent with the disposition below.

IT IS FURTHER ORDERED that Plaintiff's motion for a temporary restraining order and preliminary injunction (ECF No. 20) is DENIED.  Defendants' motion for summary judgment (ECF No. 34) is GRANTED in part and DENIED in part as stated in the Report and Recommendation.  Defendants' motion to dismiss (ECF No. 35) is GRANTED in part and DENIED in part as stated in the Report and Recommendation, except as follows:

1.  All retaliation and conspiracy claims arising from Plaintiff's disciplinary hearings and the RVR issued for the January 18, 2013 altercation are dismissed without prejudice as barred by *Heck v. Humphrey*;

2.  Plaintiff's retaliation claim against Defendants Paramo and Suglich is dismissed without prejudice;

3.  Plaintiff's retaliation claim against Defendant Benyard is dismissed without prejudice, with the exception of the claim that Defendant Benyard retaliated against Plaintiff for submitting the "Memorandum" to Defendant Paramo by placing him in administrative segregation, and Defendant Benyard is entitled to qualified immunity, with the exception of the claim that Defendant Benyard retaliated agianst Plaintiff for submitting the "Memorandum" to Defendant Paramo by placing him in administrative segregation;

4.  Plaintiff's equal protection claim against Defendants Benyard and Cavazos is dismissed without prejudice;

5.  Defendants Paramo, Suglich, and Cavazos are entitled to qualified immunity.

1   No later than **sixty (60) days** from the date of this Order, Plaintiff may file a first

2   amended complaint.

3   DATED:  September 1, 2015

4                                         *William Q. Hayes*
                                          **WILLIAM Q. HAYES**
5                                         United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28