1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11   CARLOS RIOS,                        Case No.:  14-cv-01073-WQH (DHB)

12                          Plaintiff,   **ORDER:**

13   v.

14   DANIEL PARAMO, et al.,              **(1) DENYING MOTION FOR**
                                         **DEFAULT JUDGMENT (ECF NO.**
15                          Defendants.  **89);**

16
                                         **(2) DENYING MOTION FOR**
17                                       **ORDER RE: SERVICE (ECF NO. 95);**
                                         **AND**
18

19                                       **(3) DENYING MOTION FOR**
                                         **APPOINTMENT OF COUNSEL**
20                                       **WITHOUT PREJUDICE (ECF NO.**
                                         **97)**
21

22

23        On April 18, 2016, Plaintiff filed a Motion for Default Judgment.  (ECF No. 89.)

24   On June 29, 2016, Plaintiff filed a Motion Regarding Service.  (ECF No. 95.)  On July 1,

25   2016, Plaintiff filed a Motion for Appointment of Counsel.  (ECF No. 97.)  Having read

26   and considered the moving papers, for the reasons set forth below, the Court **DENIES**

27   Plaintiff's Motion for Default Judgment; **DENIES** Plaintiff's Motion for Order Regarding

28   Service; and **DENIES** Plaintiff's Motion for Appointment of Counsel without prejudice.

# I.     BACKGROUND

Plaintiff, a state prisoner incarcerated at the R.J. Donovan Correctional Facility ("RJD"), commenced this action on April 28, 2014 by filing a Complaint and motion for leave to proceed *in forma pauperis*.  (ECF Nos. 1, 2.)  On August 14, 2014, the Honorable William Q. Hayes granted Plaintiff's motion for leave to proceed *in forma pauperis* and, following an initial screening of the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), directed the U.S. Marshal to serve the Complaint on Plaintiff's behalf.  (ECF No. 5.)

Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction on October 8, 2014.  (ECF No. 20.)  Defendants filed a Motion for Partial Summary Judgment on November 24, 2014, pursuant to Federal Rule of Civil Procedure 56, arguing Plaintiff failed to exhaust all of his administrative remedies prior to filing suit.  (ECF No. 34.)  On the same date, Defendants also filed a Motion to Dismiss Plaintiff's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 35.)  On September 1, 2015, Judge Hayes granted in part and denied in part Defendants' Motion for Partial Summary Judgment, granted in part and denied in part Defendants' Motion to Dismiss, and denied Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. (ECF No. 63.)

On October 20, 2015, Plaintiff filed his First Amended Complaint ("FAC").  (ECF No. 64.)  In the FAC, Plaintiff brings claims against thirteen staff members at RJD, alleging they engaged in an ongoing conspiracy to threaten and harass him, in violation of his state and federal constitutional rights and privileges, in retaliation for Plaintiff having filed a previous civil rights lawsuit in this district and prison grievances.  (*See id.*)  Plaintiff asserts federal legal claims under the First, Fifth, and Fourteenth Amendments, in addition to a claim under the Americans with Disabilities Act ("ADA").  (*Id.* at ¶¶ 54-59.)  Plaintiff seeks money damages and declaratory and injunctive relief.  (*Id.* at pp. 28-30.)

On January 15, 2016, Defendants filed a Motion for Partial Summary Judgment, pursuant to Rule 56, again arguing Plaintiff failed to exhaust all of his administrative

remedies prior to filing suit (ECF No. 74), and a Motion to Dismiss the FAC pursuant to Rule 12(b)(6) (ECF No. 73).  The Court issued a Report and Recommendation to Judge Hayes on both motions on July 15, 2016.  (ECF No. 98.)  This Report and Recommendation and related objections are currently pending before Judge Hayes.

## II.    ANALYSIS

### A.    Motion for Default Judgment

On April 18, 2016, Plaintiff filed a Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(a) and (b).  (ECF No. 89.)  Plaintiff requests that the Court enter default due to Defendants' failure to plead or otherwise defend, pursuant to Federal Rules of Civil Procedure 8(d), 11(c), and 12(a)(1), (a)(2), (b), and (f).  (*Id*. at 1.)

The entry of default under Rule 55 of the Federal Rules of Civil Procedure is proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  Fed. R. Civ. P. 55(a).  Under Rule 12, Defendants timely served a responsive pleading to Plaintiff's FAC. *See* Fed. R. Civ. P. 12; *see also* ECF No. 71.  Accordingly, entry of default is improper.

Although titled a Motion for Default Judgment, Plaintiff also seeks to strike Defendants' replies in support of their Motion for Partial Summary Judgment and Motion to Dismiss the FAC as untimely, as well as sanctions under Rule 11.  However, Defendants' replies were timely filed.  (*See* ECF Nos. 75, 85, 86.)  The replies were due no later than March 15, 2016, and were filed on the docket on March 11, 2016, with Certificates of Service indicating they were "caused to be mailed in the Office of the Attorney General's internal mail system" to Plaintiff on that date.  (*See id*.)  To the extent Plaintiff received the replies later than March 15, 2016, he suffered no prejudice as no response to the replies was permitted.  Accordingly, the Court declines to strike the replies.  *See Shame on You Prods., Inc. v. Elizabeth Banks*, 120 F. Supp. 3d 1123, 1145-46 (C.D. Cal. 2015) (declining to strike late filed replies absent evidence of actual prejudice); Civ. L.R. 5.2.  Because the filings were timely, and Plaintiff does not assert any other grounds for sanctions under Rule 11(c), the Court finds sanctions are unwarranted.

1    For the foregoing reasons, Plaintiff's Motion for Default Judgment is **DENIED**.

2    ### B.    Motion For Order Regarding Service

3    On June 29, 2016, Plaintiff filed a Motion requesting an order instructing the Clerk
4    to serve any and all further orders or judgments with a Proof of Service and via U.S.
5    Certified First Class Mail with return receipt.   (ECF No. 95.)   Plaintiff argues that
6    Defendants are engaged in an ongoing conspiracy to obstruct Plaintiff's access to the
7    courts, and that Defendant Paramo and his subordinates have taken adverse actions against
8    Plaintiff in other cases which have resulted in irreparable injury.  (*Id*. at pp. 1-2.)  Plaintiff
9    contends that irreparable injury is likely in this case absent a court order.  (*Id*. at 2.)

10   Upon review of the Motion and docket, the Court finds Plaintiff has not
11   demonstrated that irreparable injury is likely to result in this case absent a Court order
12   instructing special service.  There is no indication that Plaintiff has failed to receive any
13   Court order or other filing served in this case.[1]  Moreover, in the case Plaintiff cites as an
14   example of irreparable injury, *Rios v. Paramo*, Case No. 15-cv-01331-BAS (RBB) (S.D.
15   Cal.) ("Habeas Case"), any alleged injury was reparable.  (*See* Habeas Case, ECF Nos. 31,
16   32.)  Accordingly, the Court **DENIES** Plaintiff's preemptive Motion requesting an order
17   for special service.

18   ### C.    Motion to Appoint Counsel

19   On July 7, 2016, Plaintiff filed a Motion Requesting the Appointment of Counsel.
20   (ECF No. 97.)   Plaintiff, who is proceeding *pro se* and *in forma pauperis*, argues that
21   appointment is necessary for the following reasons: (1) he is unable to afford counsel; (2)
22   the issues involved in the case are complex; (3) his ability to investigate the facts, conduct
23   discovery, and cross-examine witnesses is limited; (4) his case has merit; (5) his ability to

24   _____

25
26   [1]      This is in contrast to another case cited by Plaintiff, *Rios v. Paramo*, Case No.
     13-cv-02455-WQH (JMA) (S.D. Cal.) ("*Rios II*"), in which Plaintiff claimed he had not
27   received a specific court order.  (*See Rios II*, ECF Nos. 42, 46.)  The court therefore
     instructed that particular order, and the order granting the request, be sent via U.S. Certified
28   First Class Mail with return receipt.  (*Id.* at ECF No. 46.)

4

1   understand English is extremely limited and he lacks education; (6) he has a mental illness

2   and learning disabilities that would make it difficult for him to represent himself; and (7)

3   he has limited access to the law library as an Extended Outpatient Program inmate.  (*Id.*)

4   Plaintiff attaches to his Motion a General Chrono placing him on the institution's Learning

5   Disabled list due to a reading disability, psychiatry notes, and prior requests for assistance

6   of counsel.  (*Id.* at Exh. 1.)

7       Generally, a person has no right to counsel in civil actions.  *Palmer v. Valdez*, 560

8   F.3d 965, 970 (9th Cir. 2009).  Districts courts have discretion pursuant to 28 U.S.C. §

9   1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing

10  of exceptional circumstances.  *Id*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.

11  1991).  "When determining whether 'exceptional circumstances' exist, a court must

12  consider 'the likelihood of success on the merits as well as the ability of the petitioner to

13  articulate his claims *pro se* in light of the complexity of the legal issues involved.'"  *Id.*

14  (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  "Neither of these

15  considerations is dispositive and instead must be viewed together."  *Id.* (citing *Wilborn v.*

16  *Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

17      Plaintiff has litigated this case for over two years without assistance of counsel.  In

18  that time, Plaintiff has demonstrated a more than sufficient ability to articulate his claims

19  and understand the arguments, as demonstrated by his oppositions and objections to

20  Defendants' motions to dismiss and motions for partial summary judgment. (*See* ECF No.

21  41, 46, 57, 62, 82, 83, 100.)  Although the legal issues in this case are not complex, the

22  number of defendants and claims make prosecuting the case more complicated.  However,

23  Plaintiff's filings demonstrate an ability to distinguish between the defendants and to apply

24  relevant law to a variety of facts.  Moreover, the need for discovery to develop the facts

25  does not automatically qualify the issues in the case as complex.  *See Wilborn*, 789 F.2d at

26  1331.

27      While the Court acknowledges that Plaintiff may suffer from mental illness, Plaintiff

28  has not provided the Court with any evidence that his mental illness is causing a current

inability to understand court orders or sufficiently articulate his claims, or that his status as an Extended Outpatient Program inmate is preventing him from filing timely motions and responses.  Further, Plaintiff has not demonstrated a likelihood of success on the merits.  Although some of his claims may be exhausted and sufficiently pleaded, Plaintiff has not yet survived a motion for summary judgment on the merits.  *See Garcia v. Smith*, No. 10cv1187 AJB(RBB), 2012 WL 2499003, at *4 (S.D. Cal. June 27, 2012) (denying motion to appoint counsel, finding that although three of the plaintiff's claims survived a motion to dismiss, "it is too early to determine the likelihood of success on the merits," and "[w]ithout more, it is not certain whether any of [the plaintiff's] causes of action will survive summary judgment").  Thus, Plaintiff has not demonstrated the "exceptional circumstances" required for the Court to appoint counsel.

In light of Plaintiff's demonstrated ability to articulate his claims and failure to demonstrate a likelihood of success on the merits at this stage, Plaintiff's Motion for the Appointment of Counsel is **DENIED** without prejudice.

## III.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Default Judgment (ECF No. 89); **DENIES** Plaintiff's Motion for Order Regarding Service (ECF No. 95); and **DENIES** Plaintiff's Motion for Appointment of Counsel without prejudice (ECF No. 97).

IT IS SO ORDERED.

Dated:  August 11, 2016

_____
DAVID H. BARTICK
United States Magistrate Judge

14-cv-01073-WQH (DHB)