# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS RIOS, CDCR E-52249,<br><br>                              Plaintiff,<br><br>     vs.<br><br>DANIEL PARAMO; J. BEHRA; E. BENYARD; M. CAVAZOS; ABAD; M. ZUNIGA; RUTLEDGE; E. ALVAREZ; K. SPENCE; A. ALLAMBY; ALAN HERNANDEZ; W. SUGLICH; A.A. JONES; E. CORTEZ; R. OLSON; J. RAMIREZ,<br><br>                              Defendants. | Civil No.   14cv1073 WQH (DHB)<br><br>**ORDER** |

HAYES, Judge:

The matters before the Court are: (1) the motion to dismiss for failure to state a claim filed by all Defendants (ECF No. 73); (2) the motion for partial summary judgment for failure to exhaust filed by all Defendants (ECF No. 74); and (3) the Report and Recommendation issued by United States Magistrate Judge David H. Bartick (ECF No. 98).

**I. Procedural Background**

On April 28, 2014, Plaintiff Carlos Rios commenced this action by filing a civil

rights complaint pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis* ("IFP") in this Court. (ECF Nos. 1, 2).

On October 20, 2015, Plaintiff filed a first amended complaint ("FAC"). (ECF No. 64). Plaintiff asserts several claims against thirteen RJD staff members naming the following RJD staff as defendants: (1) Warden Daniel Paramo, (2) Correctional Officer J. Behra, (3) Facility Captain E. Benyard, (4) Correctional Officer M. Cavazos, (5) Correctional Officer Abad, (6) Correctional Officer M. Zuniga, (7) Correctional Lieutenant A. Allamby, (8) Chief Deputy Warden Alan Hernandez, (9) Associate Warden W. Suglich, (10) Correctional Officer A.A. Jones, (11) Correctional Officer E. Cortez, (12) Appeals Coordinator R. Olson, and (13) Appeals Coordinator J. Ramirez (collectively, "Defendants"). Defendants are being sued in their individual capacities only. *See* ECF No. 64 at 11-12. Plaintiff alleges that Defendants have engaged in an ongoing conspiracy to threaten and harass him, in violation of his state and federal constitutional rights and privileges, in retaliation for Plaintiff having filed a previous civil rights lawsuit in this district and prison grievances against Defendants and other RJD staff. Plaintiff asserts federal legal claims under the First, Fifth, and Fourteenth Amendments, in addition to a claim under the Americans with Disabilities Act ("ADA"). Plaintiff seeks money damages and declaratory and injunctive relief.

In his FAC, Plaintiff incorporates by reference the documents attached to his Complaint. *Id.* at 2, n. 1. Although typically "[a]ll amended pleadings must contain copies of all exhibits referred to in such amended pleadings[,] . . . [p]ermission may be obtained from court . . . for the removal of any exhibit or exhibits attached to prior pleadings, in order that the same may be attached to the amended pleading." Civ. L.R. 15.1(a). In accordance with Civil Local Rule 15.1(a), the Court grants Plaintiff's implied request to consider all exhibits attached to his Complaint as attached to his FAC. *See* ECF Nos. 1-1, 1-2.

On January 15, 2016, Defendants filed a Motion for Partial Summary Judgment for Failure to Exhaust (ECF No. 74) and a Motion to Dismiss (ECF No. 73). On February

11, 2016, Plaintiff filed responses in opposition. (ECF Nos. 82, 83). On March 11, 2016, Defendants filed replies. (ECF Nos. 85, 86).

On July 15, 2016, United States Magistrate Judge David H. Bartick issued the Report and Recommendation, recommending that the motion for partial summary judgment be granted in part and denied in part, and the motion to dismiss be granted in part and denied in part. (ECF No. 98). On July 28, 2016, Plaintiff filed objections to the Report and Recommendation. (ECF No. 100). On August 8, 2016, Defendants filed objections to the Report and Recommendation. (ECF No. 102). On August 8, 2016, Defendants filed a reply to Plaintiff's objections. (ECF No. 103). On August 15, 2016, Plaintiff filed a reply to Defendants' objections. (ECF No. 105).

## II. Legal Standard

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b). The district court need not review de novo those portions of a Report and Recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("Neither the Constitution nor the [Federal Magistrates Act] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct.").

## III.  Motion for Partial Summary Judgment (ECF No. 34)

Defendants move for partial summary judgment in their favor against Plaintiff due to Plaintiff's failure to exhaust his administrative remedies as to all but one of his claims before filing this lawsuit. Defendants concede that Plaintiff exhausted his retaliation claim against Officer Zuniga. *See* ECF No. 74-1 at 13. The magistrate judge recommends that summary judgment be granted in part and denied in part. The magistrate judge recommends that summary judgment be granted as to the following claims because

Plaintiff failed to exhaust available administrative remedies: (1) conspiracy, retaliation, and denial of access to courts claims against Defendants Olson and Ramirez; (2) conspiracy, retaliation, and due process claims against Defendant Behra arising out of the allegedly false statement contained in his CDC-128A disciplinary report; (3) conspiracy, retaliation, and denial of access to courts claims against Defendants Suglich and Paramo; and (4) Conspiracy, retaliation, and due process claims against Defendant Abad arising out of the July 23, 2013 UCC hearing. (ECF No. 98 at 45-46).

### A. Defendants' Objections

#### i. May 22, 2012 Appeal

Defendants object to the magistrate judge's conclusion that there remains a dispute as to whether the May 22, 2012 grievance was properly filed and whether there are generally available administrative remedies effectively available to Plaintiff. Defendants contend that Plaintiff's "unsupported oath that he filed a formal grievance but never received a response is not sufficient to create an issue of fact." (ECF No. 102 at 6). Defendants contend that Plaintiff admitted that he only submitted a Citizen's Complaint, not a formal grievance. *Id*. at 7. Defendants contend that "Plaintiff failed to properly complain about the alleged lack of response to his May 22, 2012 grievance." *Id*. at 7. Defendants assert that Plaintiff filed grievances about the lack of response to his May 22 Complaint, but the grievances was screened out for deficiencies and that Plaintiff failed to correct those deficiencies. Defendants contend that the Court should find that Plaintiff failed to exhaust his claims against Defendant Behra.

The magistrate judge found that Plaintiff swore under oath that he filed the May 22, 2012 grievance. The magistrate judge noted that Plaintiff attached a California Department of Corrections and Rehabilitation ("CDCR") Form 602 to his Citizen's Complaint and that the Form 602 was never given a Log number or entered into the prison's tracking system. The magistrate judge concluded that Plaintiff's allegation that he never received a response to his May 22, 2012 grievance, created a dispute about whether remedies "unavailable" and therefore excuses the failure to exhaust.

The Prison Litigation Reform Act ("PLRA") amended 42 U.S.C. § 1997e(a) to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA therefore does not require exhaustion when circumstances render administrative remedies effectively unavailable." *Sapp v. Kimbrell*, 623 F.3d 813, 822 (9th Cir. 2010) (internal quotation marks omitted). "When prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation," administrative remedies are effectively unavailable. *Ross v. Blake*, 136 S. Ct. 1850, 1860, 195 L. Ed. 2d 117 (2016)

In a sworn declaration, Plaintiff stated that he filed a "staff complaint/grievance" on May 22, 2012. Plaintiff attaches to his FAC a "Citizen's Complaint" as well as a Form 602. (ECF No. 1-1 at 4-8). The record shows that Plaintiff filed several Form 22s requesting information about the status of his May 22, 2012 grievance. *See* ECF No. 1-1 at 32, 34-37. Each time, Plaintiff stated that he had not received any response to his May 22 grievance. Defendants have not provided any evidence that Plaintiff was ever given any information about the status of his May 22 grievance. The failure to respond to a grievance makes remedies "unavailable" and therefore excuses the failure to exhaust. *See Sapp v. Kimbrell*, 623 F.3d 813, 822 (9th Cir. 2010). The magistrate judge correctly concluded that there remains facts in dispute as to whether the May 22 grievance was properly filed and whether administrative remedies were effectively available to Plaintiff. The Court finds that Defendants have not satisfied their burden of demonstrating that Plaintiff failed to exhaust available administrative remedies concerning Plaintiff's retaliation and conspiracy claims against Defendant Behra arising out of Defendant Behra's involvement in "plan[ning] and plant[ing] a controlled contraband in the inmates' open work area to injure, oppress, or intimidate [Plaintiff]," which resulted in Plaintiff losing his job assignment. *See* ECF No. 1-1 at 6-7. Defendants' motion for summary judgment is denied.

### ii. Grievances Filed August 5 and August 21, 2013

Defendants object to the magistrate judge's conclusion that there remains facts in dispute as to whether the August 5 and August 21, 2013 grievances were properly filed and whether there were generally available administrative remedies effectively available to Plaintiff. Defendants contend that the magistrate judge wrongly relied on Plaintiff's sworn statement and that Plaintiff's "unsupported oath, with nothing more, was not sufficient to raise a question of fact about whether he filed the grievances . . . ." (ECF No. 102 at 9). Defendants contend that the "undisputed records show that instead of sending the grievances to the Appeals Office at R.J. Donovan for a first-level review . . . . [Plaintiff] sent the grievances to the Inmate Appeals Branch in Sacramento, which only conducts third-level reviews after a grievance has been presented at both the first and second level at the institution. *Id*. at 9.

The magistrate judge concluded that, in light of Plaintiff's sworn statement that he filed his August 5 and August 21 appeals but never received responses, Plaintiff satisfied his burden of demonstrating administrative remedies were effectively unavailable to him. The magistrate noted that "Plaintiff may have improperly submitted these appeals directly to the Inmate Appeals Branch in an attempt to bypass the first level of review."

The record shows that Plaintiff's August 5 and August 21 appeals were not assigned log numbers. (ECF No. 1-1 at 88, 91). In these appeals, Plaintiff submitted both Forms 22 and Forms 602. Both Form 22s are signed as received by a "R. Dopwell." *Id*. Both Form 22s state that Plaintiff "mailed/delivered" the Form 602s. Both Form 602s are stamped as being "Received" on January 16, 2014 by the Inmate Appeals Branch, which indicates that Plaintiff may have improperly submitted these appeals directly to the Inmate Appeals Branch in an attempt to bypass the first level of review. *Id*. at 89. Even if Plaintiff submitted the Form 602s to the wrong location, Plaintiff asserts that he never received any response. The failure to respond to a grievance makes remedies "unavailable" and therefore excuses the failure to exhaust. *See Sapp*, 623 F.3d 813, 822 (9th Cir. 2010). The magistrate judge correctly concluded that there remains facts in

dispute as to whether these grievances were properly filed and whether there were generally available administrative remedies effectively available to Plaintiff as to these appeals. The Court concludes that Defendants have not satisfied their burden of demonstrating that Plaintiff failed to exhaust available administrative remedies concerning Plaintiff's equal protection, discrimination, ADA, retaliation, due process, and conspiracy claims against Defendants Benyard, Cavazos, and Paramo arising out of the July 23, 2013 United Classification Committee ("UCC") review. Defendants' motion for summary judgment is denied.

### iii. Grievance Log No. 12-3429

On November 19, 2012, Plaintiff filed a Form 602 appeal that was assigned Log No. 12-3429. (ECF No. 1-1 at 80). Plaintiff alleged that on November 5, 2012, he notified Defendant Abad in a Form 22 that Plaintiff was requesting a UCC review to determine Plaintiff's privileges and work assignment. Plaintiff alleged that he had notified Defendant Abad during an October 2012 personal interview that Plaintiff had "been waiting for over 6 months to be schedule[d] for a Classification Committee without any results." *Id*. On December 28, 2012, Defendants Olson and Ramirez rejected appeal Log No. 12- 3429 at the first level of review because the appeal was missing necessary supporting documents, including the "128 UCC Removal from job" and the "CDCR Form 22 complete through section D." *Id*. at 81.

Defendants object to the magistrate judge's finding that "a genuine factual dispute exists regarding whether the appeal could have included the 'CDCR Form 22 complete though section D, *i.e.*, the supervisor's response, when the evidence Plaintiff submits indicates that Plaintiff never received a response to his request.'" (ECF No. 98 at 31-32). Defendants contend that Plaintiff "should have brought this shortcoming to the attention of the Appeals Coordinators." The Court finds that an administrative remedy is not available where a prison official directs an inmate to accomplish the impossible as a prerequisite to exhausting that remedy. *See Albino*, 747 F.3d 1162, 1171 (9th Cir.) ("To be available a remedy must be available as a practical matter; it must be capable of use;

at hand."). Even assuming the appeal was properly rejected because the "128 UCC Removal from job" form was not attached, the Court finds a genuine material dispute exists as to whether Plaintiff should have been required to continue pursuing this appeal through the administrative process when he was instructed that he must attach an allegedly non-existent document to his appeal. Defendant's motion for summary judgment is denied.

**B. Plaintiff's Objections**

### i. Grievance Log Nos. 12-1879 and 13-1008

Plaintiff objects to the magistrate judge's conclusion that Plaintiff failed to exhaust Log Nos. 12-1879 and 13-1008. Plaintiff contends that Log No. 12-1879 was improperly screened out because it was untimely. Plaintiff contends that he complained about the screen out of Log No. 12-1879 in Log No. 13-1008, but Log No. 13-1008 was also improperly screened out.

The record shows that Plaintiff filed Log No. 12-1879 on July 2, 2012, and that it was cancelled at the first level of review for untimeliness. (ECF No. 1-1 at 26). On December 6, 2012, Plaintiff filed Log No. 13-1008, in which he argued that Log No. 12-1879 was cancelled in error. *Id*. at 43. In Log No. 12-1879, Plaintiff also alleged that he never received a response to his May 22, 2012 appeal and set forth the history of his administrative proceedings. Log No. 12-1879 was rejected at the first level of review because it involved multiple issues and was "obscured by pointless verbiage or voluminous unrelated documentation." *Id*. at 40-41. There is no evidence in the record that Plaintiff sought a second level of review. Plaintiff failed to exhaust available administrative remedies as to appeal Log Nos. 12-1879 and 13-0108.

### ii. Grievance Log No. 12-2759

Plaintiff objects to the magistrate judge's conclusion that Plaintiff failed to exhaust Log No. 12-2759. Plaintiff contends that he complained about the screen out of Log No. 12-1879 in Log No. 12-2759. Plaintiff contends that Log No. 12-2759 was improperly screened out.

The record shows that Plaintiff did not complain about the wrongful cancellation of Log No. 12-1879 in Log No. 12-2759. (ECF No. 1-1 at 28). The record shows that Log No. 12-2759 was rejected at the first level of review because it was missing necessary supporting documents, involved multiple issues, and concerned an anticipated action or decision. *Id.* at 29-31. There is no evidence in the record that Plaintiff appealed to the next level or that Log No. 12-2759 was improperly rejected. Plaintiff failed to exhaust available administrative remedies as to Log No. 12-2759.

### iii. Grievance Log No. 13-00372

Plaintiff objects to the magistrate judge's conclusion that Plaintiff failed to exhaust grievance Log No. 13-00372. Plaintiff contends that his grievance was improperly screened by Defendants Olson and Ramirez in violation of California Code of Regulations, Title 15, § 3084.7(d)(1)(A) because the grievance brings claims against Olson and Ramirez. Plaintiff contends that Defendants improperly screened out his grievance.

The record shows that Plaintiff brings claims against Defendants Olson and Ramirez in Log No. 13-00372 and that grievance was screened by Olson and Ramirez. (ECF No. 1-1 at 70-72). California Code of Regulations, Title 15, § 3084.7(d)(1)(A), provides:

> (1) Appeal responses shall not be reviewed and approved by a staff person who: (A) Participated in the event or decision being appealed. This does not preclude the involvement of staff who may have participated in the event or decision being appealed, so long as their involvement with the appeal response is necessary in order to determine the facts or to provide administrative remedy, and the staff person is not the reviewing authority and/or their involvement in the process will not compromise the integrity or outcome of the process.

Cal. Code Regs. tit. 15, § 3084.7(d)(1)(A). The magistrate judge correctly concluded that "Defendants Olson and Ramirez were performing a necessary administrative function and therefore were not necessarily prohibited from screening the appeal." (ECF No. 98 at 33). There is no evidence in the record that Log No. 13-00372 was improperly screened out or that Plaintiff re-submitted his appeal to correct the deficiencies identified by

Defendants Olson and Ramirez. Plaintiff failed to exhaust available administrative remedies as to Log No. 13-00372.

### iv. Grievance Log No. 13-1753

Plaintiff objects to the magistrate judge's conclusion that Plaintiff failed to exhaust grievance Log No. 13-1753, in which Plaintiff complained about the erroneous cancellation of appeal Log No. 13-1365. (ECF No. 1-2 at 57-58).

Plaintiff filed a grievance, Log No. 13-1753, alleging the improper cancellation of Log No. 13-1365. Log No. 13-1753 was denied at the third level of review. The magistrate judge correctly concluded that Plaintiff "exhausted his claim that the cancellation of Log No. 13-1365 was erroneous, but not the underlying claims listed in Log No. 13-1365." (ECF No. 98 at 37-38 n 17).

### v. Grievance Log No. 14-104

Plaintiff objects to the magistrate judge's conclusion that Plaintiff failed to exhaust grievance Log No. 14-104. Plaintiff contends that his grievance was improperly rejected under California Code of Regulations, Title 15, § 3084.6(b)(8) for involving multiple issues because his grievance was based on a single issue—conspiracy.

In Log No. 14-104 Plaintiff asserts claims against Defendants Benyard, Olson, Paramo, and Ramirez and their unidentified "agents" for allegedly conspiring to retaliate against Plaintiff by refusing to process his grievances and depriving him of access to the courts. (ECF No. 1-2 at 90). Plaintiff identifies several "overdue" grievances that he had unsuccessfully tried to resolve, including: (1) Log No. 12-2398; (2) Log No. 13-00777; (3) August 5, 2013 appeal (unassigned Log No.); (4) August 21, 2013 appeal (unassigned Log No.); (5) Log No. 13-2693; and (6) Log No. 13-3607. *Id.* Log No. 14-104 requests that the grievances "be processed in timely manner." *Id.* at 90. The record shows that this appeal was rejected at the first level for non-compliance with California Code of Regulations, Title 15, § 3084.6(b)(8) for involving multiple issues that do not derives from a single event, with instructions for Plaintiff to address his issues with each appeal separately. *Id.* at 92. There is no evidence in the record that Plaintiff proceeded with this

appeal through the third level of review. There is no evidence that Log No. 14-104 was improperly screened out. Plaintiff failed to exhaust available administrative remedies as to Log No. 14-104.

### C. Conclusion

After conducting a *de novo* review of the entire record in this case, including the parties' objections, the Court concludes that the magistrate judge correctly identified Plaintiff's unexhausted claims. The Court grants Defendants' motion for partial summary judgment in part and denies it in part.

## IV.  Motion to Dismiss

Defendants move to dismiss Plaintiff's retaliation, due process, conspiracy, equal protection, and Americans with Disabilities Act ("ADA") claims for failure to state a claim. Defendants move to dismiss Plaintiff's claims arising from a rules violation report ("RVR") and related hearings as barred under *Heck v. Humphrey*. Defendants move for qualified immunity for damages in their individual capacities. Defendants do not move to dismiss the following claims: (1) Plaintiff's retaliation claims against Defendants Behra, Zuniga, Olson, and Ramirez; and (2) Plaintiff's conspiracy claims against Defendants Behra, Olson, and Ramirez. (ECF No. 73-1 at 33.)

As related to Plaintiff's claims arising from the rules violation hearing, the magistrate judge recommends that the motion to dismiss Plaintiff's retaliation claim be granted with respect to Defendants Cortez, Jones, Allamby, and Hernandez. The magistrate judge recommends that the motion to dismiss Plaintiff's due process claims be denied as to Defendant Allamby and granted as to Defendants Benyard, Hernandez, Cortez, and Jones. The magistrate judge recommends that the motion to dismiss Plaintiff's conspiracy claims be granted as to Defendants Allamby, Benyard, Hernandez, Cortez, and Jones.

As related to the July 23, 2013, UCC hearing, the magistrate judge recommends that the motion to dismiss Plaintiff's retaliation claim be granted as to Defendant Cavazos and denied as to Defendant Benyard. The magistrate judge recommends that the motion

to dismiss Plaintiff's conspiracy claim granted as to Defendants Benyard and Cavazos. The magistrate judge recommends that the motion to dismiss Plaintiff's due process claims be granted as to Defendants Benyard, Cavazos, and Abad. The magistrate judge recommends that the motion to dismiss Plaintiff's equal protection claims be granted as to Defendants Benyard and Cavazos. The magistrate judge recommends that the motion to dismiss Plaintiff's ADA claim be granted as to Defendants Benyard and Cavazos.

The magistrate judge recommends that the motion to dismiss on the basis of qualified immunity filed by Defendants Cortez, Jones, Hernandez, Abad, Ramirez, Cavazos, Olson, Suglich and Paramo be granted. The magistrate judge recommends that the motion to dismiss on the basis of qualified immunity filed by Defendants Behra, Benyard, Allamby, and Zuniga be denied.

**A. Defendants' Objections**

**i. Due Process Claim Against Defendant Allamby**

Defendants object to the magistrate judge's recommendation against dismissing the due process claim against Defendant Allamby for denying Plaintiff's request for a staff assistant witness at the hearing on the RVR for fighting. Defendants contend that the absence of that witness did not affect Plaintiff's due process rights because the witness was not an eye-witness to the fight and would not have provided any information about whether Plaintiff participated in the fight, which Plaintiff does not deny.

Plaintiff alleges that Defendant Allamby did not grant his request to have a staff assistant be called as a witness at his rules violation hearing and did not document the denial. While the evidence shows that several witnesses were recorded as having testified (*see* ECF No. 1-2 at 76-79), Plaintiff alleges that Defendant Allamby denied his request for the staff assistant to be called as a witness and did not document the denial. Although prison officials have discretion to refuse to call witnesses requested by a prisoner at a disciplinary hearing, they must explain their reasons why the witnesses were not allowed to testify, either at the disciplinary hearing or later in court. *See Wolff v. McDonnell*, 418 U.S. 539, 566 (1974); *Ponte v. Real*, 471 U.S. 491, 497 (1985); *see also Bostic v.*

*Carlson*, 884 F.2d 1267, 1273 (9th Cir. 1989) ("Prison officials may not arbitrarily deny an inmate's request to present witnesses or documentary evidence." (citation omitted)). The magistrate judge correctly concluded that Plaintiff has plausibly alleged a due process claim against Defendant Allamby arising from Allamby's alleged refusal to grant Plaintiff's request for the staff assistant to testify at the Rules violation hearing and failure to document the denial. Defendant's motion to dismiss the due process claim against Defendant Allamby arising out of the October 16 hearing is denied.

### ii. Retaliation Claim Against Benyard

Defendants object to the magistrate judge's recommendation that the Court deny Defendants' motion to dismiss the retaliation claim against Benyard for refusing to address the issue of Plaintiff's alleged wrongful termination from his laundry job at the July 23, 2013 UCC hearing. Defendants contend that the UCC hearing did not address Plaintiff's request to be re-instated in his laundry job because that issue had become moot due to Plaintiff's physical condition and his pending assignment to another position.

In his FAC, Plaintiff alleges that Defendant Benyard retaliated against him by "arbitrar[ily] refus[ing] to address the issue of wrongful termination from his job assignment" at his July 23, 2013 UCC hearing. The record shows that on February 7, 2013, the UCC met to consider Plaintiff's housing classification and, at that meeting, the Committee noted that Plaintiff was in a wheelchair as a result of being "battered" by another inmate. (ECF No. 1-2 at 74). On July 23, 2013, the Committee noted that Plaintiff was under a "no heavy lifting" order. (ECF No. 1-1 at 124). There is no evidence in the record that the Committee addressed Plaintiff's request to be reinstated to his laundry job and decided, based on Plaintiff's physical condition, that he could not be reinstated. The magistrate judge correctly concluded that Plaintiff has stated a plausible retaliation claim against Defendant Benyard because the July 23, 2013 UCC hearing did not address Plaintiff's request to be reinstated to his laundry job. Defendant's motion to dismiss the retaliation claim related to the UCC hearing is denied as to Defendant Benyard.

### iii. Qualified Immunity

Defendants contend that Defendants Allamby and Benyard are entitled to protection of qualified immunity. The doctrine of qualified immunity shields government officials performing discretionary functions from liability for "civil damages unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Jeffers v. Gomez*, 267 F.3d 895, 910 (9th Cir. 2001) (per curiam) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Because Plaintiff has sufficiently alleged a violation of constitutional rights against Defendants Allamby and Benyard, Defendants motion to dismiss on the basis of qualified immunity is denied.

### B. Plaintiff's Objections
#### i. Due Process Claim
##### a. Defendants Cortez and Jones

Plaintiff objects to the magistrate judge's conclusion that he failed to state a due process claim against Cortez and Jones. Plaintiff contends that Defendants Cortez and Jones violated his due process rights by "actively participat[ing] in the introduction of false information or reports to support the false charges" at the rules violation hearing.

Defendants contend that Plaintiff's only claim against Defendants Cortez and Jones is that they testified falsely at the hearing. Defendants contend that Plaintiff did not have a liberty interest in not being falsely accused by Defendants Cortez and Jones at the hearing.

The magistrate judge correctly found that, "[i]nsofar as Plaintiff challenges the issuance of the RVR on grounds that it included false information, or the allegedly false statements of Defendants Cortez and Jones in support of the RVR, he cannot state a claim." (ECF No. 98 at 65). In the FAC, plaintiff alleges that Defendants Cortez and Jones testified falsely against him at the rule violation hearing by "changing their version of the facts" and "intentionally misconstru[ing] the information and facts." (ECF No. 64 at 7). Plaintiff does not have a liberty interest in not being falsely accused. *See Sprouse*

*v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) (holding that, standing alone, an allegation of the falsity of charges does not establish the violation of a constitutional right). Defendants's motion to dismiss the due process claims against Defendants Cortez and Jones is granted.

### b. Defendant Benyard

Plaintiff objects to the magistrate judge's conclusion that he failed to state a due process claim against Defendant Benyard. Plaintiff contends that Defendant Benyard violated his due process rights because he signed the RVR and he was the assigned supervisor reviewer of the final guilty finding in Plaintiff's UCC hearing. Plaintiff contends that Benyard "took actions to sustain or 'confirm' the guilty finding." (ECF No. 100 at 17). Plaintiff contends that Benyard "personally note[d] plaintiff's guilty finding in Plaintiff's UCC process." *Id*.

Defendants contend that supervising officials cannot be held liable under § 1983 on the basis of a respondeat superior theory and that Plaintiff's only claim against Defendant Benyard in connection with the hearing is based on an action he took in his role as a supervisor.

The magistrate judge found that Plaintiff failed to state a due process claim against Benyard because "Plaintiff does not make any factual allegations supported by the attached documents that Defendant Benyard was personally involved in the alleged constitutional deprivation, i.e., that he failed to permit Plaintiff to call a vital witness during his RVR hearing, or that he took action to sustain or confirm the guilty finding." *Id*. at 67.

Section 1983 suits "do not impose liability on supervising officers under a respondeat superior theory of liability." *Graves v. City of Coeur D'Alene*, 339 F.3d 828, 848 (9th Cir. 2003). Rather, a plaintiff must establish that each individual "[g]overnment-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

The record shows that Defendant Benyard authored the RVR against Plaintiff on

October 30, 2013. (ECF No. 1-2 at 75). The record shows that Defendant Benyard also served as the supervisor of the Senior Hearing Officer at the RVR hearing and as the UCC Chairperson. The record contains no evidence that Defendant Benyard was actively involved in the hearing itself. Defendants' motion to dismiss the due process claim against Defendant Benyard is granted.

### ii. Equal Protection Claim

Plaintiff objects to the magistrate judge's conclusion that he failed to state an equal protection claim. In his objections, Plaintiff admits that he has not yet provided the Court "with any evidence," but argues that he is "confident that after discovery motions . . . there will be sufficient evidence showing that similarly situated inmates . . .have [been] treated different" than Plaintiff. (ECF No. 100 at 18).

The Court concludes that the magistrate judge correctly recommend that Plaintiff's equal protection claim be dismissed because Plaintiff failed to allege any facts about his treatment in comparison with other inmates' treatment. Defendants' motion to dismiss Plaintiff's equal protection claim is granted.

### iii. Qualified Immunity

Plaintiff objects to the magistrate judge's conclusion that Defendants Ramirez, Olson, Suglich, Paramo, Cortez, and Jones are entitled to qualified immunity. The magistrate judge correctly concluded that "there is no necessity for further inquiries concerning qualified immunity" because Plaintiff does not sufficiently allege a violation of a constitutional right against Defendants Ramirez, Olson, Suglich, Paramo, Cortez, and Jones. (ECF No. 98 at 80 (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). The motion to dismiss Defendants Ramirez, Olson, Suglich, Paramo, Cortez, and Jones on the basis of qualified immunity is granted.

### C. Conclusion

After conducting a *de novo* review of the entire record in this case, including the parties' objections, the Court concludes that the magistrate judge correctly recommended that Defendants' motion to dismiss be granted in part and denies it in part.

## V. Conclusion

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 98) is adopted in its entirety.

IT IS FURTHER ORDERED that Defendants' motion for partial summary judgement (ECF No. 74) is granted in part and denied in part as follows: Summary judgment is granted as to the following claims: (1) conspiracy, retaliation, and denial of access to courts claims against Defendants Olson and Ramirez; (2) conspiracy, retaliation, and due process claims against Defendant Behra arising out of the allegedly false statement contained in his CDC-128A disciplinary report; (3) conspiracy, retaliation, and denial of access to courts claims against Defendants Suglich and Paramo; and (4) Conspiracy, retaliation, and due process claims against Defendant Abad arising out of the July 23, 2013 UCC hearing.  Summary judgment is denied as to all remaining claims.

IT IS FURTHER ORDERED that Defendant's motion to dismiss (ECF No. 73) is granted in part and denied in part as follows:

The motion to dismiss the following claims relating to Plaintiff's claims arising from the rule violation hearing is granted: (1) retaliation claims against Defendants Cortez, Jones, Allamby, and Hernandez; (2) due process claims against Defendants Benyard, Hernandez, Cortez, and Jones; and (3) conspiracy claims against Defendants Allamby, Benyard, Hernandez, Cortez, and Jones.

The motion to dismiss the following claims relating to the UCC hearing is granted: (1) retaliation claim against Defendant Cavazos; (2) conspiracy claim against Defendants Benyard and Cavazos; (3) due process claims against Defendants Benyard, Cavazos, and Abad; (4) equal protection claims against Defendants Benyard and Cavazos; and (5) ADA claim against Defendants Benyard and Cavazos.

The motion to dismiss to dismiss the following Defendants on the basis of qualified immunity is granted: Defendants Cortez, Jones, Hernandez, Abad, Ramirez, Cavazos, Olson, Suglich, and Paramo.

The motion to dismiss is denied as to all remaining claims and Defendants.

DATED: September 8, 2016

**WILLIAM Q. HAYES**
United States District Judge